UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| C's DISCOUNT PHARMACY, INC. AND CIOLINO PHARMACY, INC., | CIVIL ACTION |
| VERSUS | NO. 13-2989 |
| LOUISIANA CVS PHARMACY, L.L.C. | SECTION "C"(3) |

### ORDER AND REASONS

This matter comes to the Court on the Motion to Reconsider Pursuant to Rule 54(b) filed by Louisiana CVS Pharmacy, L.L.C. ("CVS"). Rec. Doc. 57. C's Discount Pharmacy, Inc. and Ciolinio Pharmacy, Inc. ("C's) oppose. Rec. Doc. 62. The Order made the subject of CVS's motion to reconsider is itself an order granting reconsideration of the Court's previous order granting and denying in part cross-motions for summary judgment. Rec. Doc. 55. For the reasons that follow, CVS's most recent motion to reconsider - the latest installment in piecemeal litigation that has come to typify this case - will be DENIED.[1]

CVS argues that it was improper for this Court to grant summary judgment on the issue of the Holdback Amount on the basis of C's motion to alter or amend judgment because C's original motion for summary judgment failed to meet the applicable burden. Rec. Doc. 57-1 at 2. As the Court correctly stated in its previous order, "[i]f the moving party will bear the burden of persuasion at trial, that party must support its motion with credible evidence-using any of the materials specified in Rule 56(c)-that would entitle it to a directed verdict if not controverted at

---

[1] As the history of this case does not warrant any further recitation, the Court hereby incorporates the factual background and procedural history set forth in its previous order. Rec. Doc. 55.

1

trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 331, 106 S. Ct. 2548, 2557, 91 L. Ed. 2d 265 (1986). Pursuant to a <u>joint</u> motion, the entirety of the Purchase and Sale agreement served as the record on the parties' cross-motions for summary judgment. Rec. Docs. 21, 25, & 27. Further, although the Court criticized C's arguments related to the Holdback Amount as "summary" and implied that they were not cogent or persuasive as set forth in C's original motion, the Court nevertheless conceded that an argument had been presented which CVS had attempted to address in its opposition to summary judgment. Rec. Doc. 55 at 7-8. ("[I]t is clear enough that C's asserted an entitlement to the Holdback Amount and attorney's fees based on having overcome CVS's lone justification for retaining the Holdback Amount." ). C's met its summary judgment burden to show its entitlement to the Holdback Amount according to the terms of the Purchase and Sale agreement, based on the events recited in its affidavit supporting summary judgment. CVS was by no means unfairly prejudiced by the procedure used to reach this determination. Its procedural arguments ring hollow.

More importantly, CVS <u>still</u> fails to counter C's entitlement to the Holdback Amount. In a futile attempt to create an indemnity argument for the Holdback Amount, CVS now argues that C's breached its agreement to "cause [its shareholders] to execute, an Agreement Not to Compete . . ." because the Non-Compete Agreement was ultimately deemed invalid. Rec. Doc. 57-1 at 6 (citing Rec. Doc. 27, ¶ 19 at 12). However, it is undisputed that <u>CVS</u> drafted the invalid Non-Compete Agreement. *See* Rec. Doc. 9-4, ¶ 2 (stating as uncontested fact, "CVS was the author of the CONTRACT."); Rec. Doc. 19-1 (failing to rebut). The argument that C's should be liable on contract for CVS's failure to draft valid language is dubious. CVS offers <u>no authority</u> for the proposition that C's breached the Purchase and Sale agreement by seeking to invalidate a

portion of it using lawful declaratory judgment procedures. Indeed, if such behavior constituted breach, there would be no need for the rescission and unjust enrichment remedies that CVS elsewhere seeks to invoke. An obligor whose cause for obligation was deemed illegal or invalid could simply sue the plaintiff for breach of their agreement. It undisputed that CVS performed its obligation by causing its shareholders to enter into the Non-Compete Agreement. *See* Rec. Doc. 66, ¶ 74. CVS's failure of cause arguments should be aimed at those shareholders. These contentions have no merit, and this issue warrants no reconsideration.

CVS argues that this Court should reconsider the portion of its previous order awarding C's summary judgment on CVS's counterclaim for the Non-Compete Amount based on the separate juridical personality of the shareholders who, it is undisputed, actually received the Non-Compete Amount under the terms of the agreement. Rec. Doc. 57-1 at 5. CVS's argument that the Court should pierce the corporate veil to allow CVS to recover the Non-Compete Amount from C's directly is unpersuasive and untimely. CVS could and should have advanced this argument sometime before the current motion. C's did not abuse the corporate form by seeking to invalidate the Non-Compete Agreement to which it and its shareholders were separate parties, when CVS claimed C's breach of the Non-Compete Agreement as a basis for retaining the Holdback Amount. None of the cases cited by CVS suggest otherwise. *See Middleton v. Parish of Jefferson*, 97-324 (La. App. 5 Cir. 1/14/98), 707 So. 2d 454; *Withers v. Timber Products, Inc.*, 574 So. 2d 1291 (La. App. 3 Cir. 1991). Again, CVS drafted this agreement. CVS desired to obligate C's shareholders separately from C's, while compensating them to the tune of the Non-Compete Amount. CVS made the dubious claim of C's breach of the Non-Compete Agreement that provided the opportunity for that agreement to be declared invalid. This portion

of the Court's order will not be reconsidered.

Finally, CVS argues that C's invalidation of the Non-Compete Agreement led to a failure of cause, not only for the Non-Compete Agreement but also for the entire Purchase and Sale Agreement, entitling CVS to the return of the entire $12,000,000 purchase price. Rec. Doc. 57-1 at 10. This argument falls outside the scope of CVS's original counterclaims and the cross-motions for summary judgment. *See* Rec. Doc. 14, ¶¶ 41-44. It was raised for the first time as a claim for relief in CVS's First Amended Counterclaim and Third Party Complaint. Rec. Doc. 66, ¶¶ 61-65. The Court will not resolve this claim under the pretense of ruling on a motion to reconsider an order that was issued before the claim was even added to the case. Accordingly,

IT IS ORDERED that CVS's Motion to Reconsider Pursuant to Rule 54(b) is DENIED. Rec. Doc. 57.

New Orleans, Louisiana, this 5th day of May, 2014.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**